IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| JANIS DIANE PIERCE | ) | 1:21-bk-10199-NWW |
|    Debtor | ) | |
| | ) | Chapter 7 |

### TRUSTEE'S OBJECTION TO QUICKEN LOANS, LLC'S MOTION TO STAY DEADLINE TO OBJECT TO DISCHARGE PENDING APPEAL

Douglas R. Johnson, Chapter 7 trustee (the "**Trustee**"), objects to Quicken Loans, LLC's ("**Quicken**") Motion to Stay Deadline to Object to Discharge Pending Appeal (ECF No. 49) (the "**Stay Motion**") and asks the Court to deny the Stay Motion to the extent that Quicken seeks a stay of the entire bankruptcy case (as indicated in the proposed order).[1] Quicken's rationale for staying the entire proceeding–that creditors "generally will be prejudiced in not having the freedom to file Proofs of Claims (sic) when they deem necessary, even if venue for the underlying bankruptcy petition is wrong"[2]– has no application to this case and is without merit in any event. *See* Stay Motion, pp. 2-3. Consideration of creditors in other cases is not a basis to

---

[1] Quicken characterized the Stay Motion as a motion to stay the discharge and dischargeability deadlines and that is Quicken's focus. However, Quicken's proposed order stays the entire proceeding. If Quicken is seeking only a second extension of the discharge/dischargeability deadline, the Trustee does not object to a further extension, but he notes that nothing prevented Quicken from objecting prior to the original May 10, 2021, deadline nor by the extended deadline of June 14, 2021.

[2] Quicken suggests that the Trustee was statutorily required to object to venue because this is a component of examining a debtor's financial affairs." *See* Stay Motion, pp. 4-5. 11 U.S.C. § 704 does not mention venue and the Trustee is not aware of any obligation to object to venue. Venue is a personal defense and is waivable by a party in interest and Quicken waived its objection.

stay this case and was not a concern for the United States Supreme Court in *Langenkamp v. Culp*, 498 U.S. 42 (1990), when it ruled that the filing of a proof of claim waives the Seventh Amendment right to a jury trial.  A creditor who wishes to object to venue may do so *prior* to filing a proof of claim, just as Quicken could and should have done in this case had it really been concerned about venue.

A stay of the entire case would stay the adversary proceeding and delay the Trustee's expected sale of the property at issue and, consequently, it would delay the anticipated distribution to unsecured creditors.  Given the current real estate market, the Trustee expects to be able to sell the property quickly and for more than it was worth on the petition date.  There is no guarantee that the market trend will continue and a delay could result in loss of a favorable sale opportunity.

The Stay Motion is without merit and should be denied.

RESPECTFULLY SUBMITTED on July 12, 2021.

JOHNSON & MULROONY, P.C.,

By: *s/ Elisabeth B. Donnovin*
    Elisabeth B. Donnovin, BPR 018365
    428 McCallie Avenue
    Chattanooga, TN 37402
    423-266-2300
    423-266-6906 (fax)
    edonnovin@johnsonmulroony.com
    Counsel for the Trustee

## CERTIFICATE OF SERVICE

I certify that I served a copy of the **TRUSTEE'S OBJECTION TO QUICKEN LOANS, LLC'S MOTION TO STAY DEADLINE TO OBJECT TO DISCHARGE PENDING APPEAL** on the following persons and entities in the following manner on July 12, 2021:

Janis Diane Pierce
279 Canary Circle
Ringgold, GA 30736

Harley Lee Pierce
279 Canary Circle
Ringgold, GA 30736

on the following via the court's electronic notice system:

W. Thomas Bible    wtbibleecf@gmail.com,
r41956@notify.bestcase.com;ThomasBible@jubileebk.net
Natalie Brown    nbrown@rubinlublin.com,
lcaplan@rubinlublin.com;akhosla@rubinlublin.com;ruluecf@gmail.com;BKRL@ecf.courtdrive.com
Monica K. Gilroy    monica.gilroy@gilroyfirm.com, kristy.baker@gilroyfirm.com
Kimberly C. Swafford    kim.c.swafford@usdoj.gov
United States Trustee    Ustpregion08.cn.ecf@usdoj.gov

Dated: July 12, 2021                s/ Elisabeth B. Donnovin
                                    Elisabeth B. Donnovin